Mr. Chief Justice Watkins delivered the opinion of the Court-. The appellant was indicted under the 20th section of the statute, title “Marriages,” for performing the marriage ceremony of a minor over the age of seventeen years, without the consent of his parent or guardian. The sections of the statute affecting the case, are as follows : “Persons authorized by this act to solemnize marriages, shall not perform any marriage ceremony of any male over the age of seventeen years and under the age of twenty-one years, nor of any female over the age of fourteen years and under the age of eighteen years, without the consent in person or in writing of the parent or guardian of such male or female minor, if they have either parent or guardian living in this State.” And the 2d section following provides that such person so offending, &c., “ on conviction, shall be fined in any sum at the discretion of the jury, who shall pass on the case, or if the conviction be by confession or demurrer, then at the discretion of the court, not less than $25 nor more than $500;” The offence is well charged in the indictment, and fully made out in proof. The various bills of exceptions taken at the trial, present but two questions for the opinion of this court. The defendant proposed, but the court below would not pér-mit him, to prove that, when applied to, he refused to perform the ceremony without the consent of the youth’s father, who, as he understood, objected to the marriage, and that the witness, at the request of the defendant, called upon the father, who stated to the witness that he had no objection to the marriage of his son, and gave his consent that defendant should perform the ceremony, and this was communicated by the witness to the defendant before he solemnized the marriage. According to our opinion, it will not be material to inquite,' whether the testimony thus offered was legitimate for the purpose of discrediting the youth’s father, who being introduced as a witness on the part of the prosecution, had testified that he had never given his consent to the marriage, and had not consented to it on the occasion to which the testimony of the proposed witness had reference; and equally immaterial to enquire whether such testimony was admissible to show that the defendant acted in good faith, and without any criminal intent. The policy of the statute is to be upheld upon many grave considerations. Experience has demonstrated the necessity of fixing some period of lawful age, when the minor is to become emancipated from the duty of obedience to parental authority, and qualified to assume the responsibilities of life. Marriages by persons of immature age, are not only against public policy, because in violation of a physical law of our nature, but because they are liable to be rashly and inconsiderately contracted, and' are often disastrous in their consequences. The law which esteems marriage as the most solemn, the most binding, and important of all contracts, does not punish the parties to it, if within the ages prescribed by the 20th section, by avoiding the contract, but its policy is to discourage such marriages, and to punish those who engage in celebrating them without the consent of the parent or guardian of the minor, who is, in law, deemed incapable of consenting. Whenever the State had made out her case in evidence, it devolved upon the defendant, if he would justify the act, to prove that such consent had been given. He does not bring himself within the letter of the statute by offering to prove that such consent had been conveyed to him, through the medium of the witness. The object of the law is to guard against imposition in procuring the consent, and the infirmities, not to say frauds, of parol testimony to prove that it was given; and, it seems to us, the true spirit and meaning of the words in the section quoted, “without the consent in person, or in writing, of the parent or guardian of such minor,” is that unless the consent is given in writing, the consent in person is by means of the personal presence of the parent or guardian at the solemnization of the marriage. That would be an implied sanction of the authority of the officer to perform the ceremony, about which there could be no doubt or misunderstanding. The 21st section, which goes on to provide, “That when the consent of the parent or guardian shall be verbal, it shall be so stated in the marriage certificate; if it be in writing, it shall be attached to and filed with the certificate and recorded,” does not militate against our construction of the statute; but rather favors the idea of the necessity for the publicity of the consent in person ; because the whole policy of the statute might be evaded, and the alternative formality of the consent in writing' would become useless, if the proof of a mere verbal consent, no matter when given, or by what artifice obtained, is equivalent to a consent in person. The minister or magistrate performing the ceremony, does so at his peril; and he must assure himself that the consent of the parent or guardian, in one or the other mode, is in fact given. He cannot justify or excuse his agency in the violation of the law, by showing that it was without any criminal intent on his part, or by reason of a deception practiced upon him, as, for instance, it had been falsely represented to him that the minor was of age. In the case of Cornelius vs. The State, (7 Eng. 782,) it was held that if it be communicated to one, as from the owner of a chattel, that he might take and use it, though the communication be false, yet if he, not availing of it as a cover for the larceny, but honestly believing it, take the chattel, supposing he has permission from the owner, the taking will not be larceny; because the intent to steal, which is the essence of the crime, is wanting. But here, the law intends to prohibit and punish the act as a misdemeanor without regard to the criminal intention. If it does not, there would seldom be wanting enough of excuses to make it a dead letter. The court below charged the jury, against the objection of the defendant, that, in case they found him guilty, they should assess his fine at not less than $25 nor more than $500. We have no doubt, upon the construction of the section referred to, that the instruction was proper. If the limitation of the fine, so as to be not less than $25 nor more than $500, applies only to cases where it may be imposed by the court upon confession or demurrer, then it would follow that where a cause is tried by a jury, they would be left without limit or restraint, and could punish at their discretion. Even if the language of the section left it doubtful, such a construction is not to be favored. Our opinion is that there is no error in the proceeding, and that the judgment ought to be affirmed.